UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------

**PHILLIP LEVERETTE,**

                Plaintiff,

  - against –

**THE CITY OF NEW YORK, POLICE OFFICER BRADLEY** [Shield No. 2379] and **POLICE OFFICERS JOHN DOES 1-3** in their individual and official capacities as Police Officers employed by the City of New York,

                Defendants.

-------------------------------------------------------------------X

JUDGE CHIN

07 CIV 6106

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY**

Plaintiff, by his attorney, ANDREW F. PLASSE, P.C., as and for his Complaint, hereby alleges and shows to the Court the following:

1. Plaintiff Phillip Leverette hereby brings this action against the City of New York, Police Officer Bradley, and Police Officers John Does 1-3 in their individual and official capacities as Police Officers employed by the City of New York for damages arising out of unconstitutional policies and actions arising out of an alleged excessive use of force, false arrest, and false imprisonment which occurred on June 29, 2006.

2. Plaintiff brings this action against the defendants to redress the deprivation of rights secured to her by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, the parallel rights of the New York State Constitution, and 42 U.S.C Section 1983.

3. At the time of the incident herein, plaintiff was a resident at 3848-61 Jamaica Ave., Jamaica, NY 11421. Each defendant is a citizen of the State of New York. The

amount in controversy exceeds the sum of Fifty Thousand [$50,000.00] Dollars, exclusive of interest and costs.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 1331, 1332, and 1343(a) (3) and 42 U.S.C. Section 1983.

5. Venue is proper in this District pursuant to 28 U.S.C. 1381.

6. At all times hereinafter mentioned the defendants Police Officer Bradley, and Police Officers John Does 1-3 were employed as New York City Police Officers and resided in the State of New York.

7. Upon information and belief, defendant City of New York was and now is, a municipal corporation, existing under and incorporated under the laws of the State of New York, with its principal place of business located at the Municipal Building, One Centre Street, New York, NY 10007.

8. That upon information and belief, the City of New York owned, operated, controlled and maintained the New York City Police Department by charter, or by law, under provisions of the State and/or City of New York

9. That heretofore, the Plaintiff caused a Notice of claim in writing, sworn to by and on behalf of the Plaintiff, to be duly served upon the defendant City of New York by delivering a copy thereof to the Office of the Corporation Counsel of the City of New York, on September 1, 2006, which said Notice of claim set forth the name and post office address of the plaintiff, the nature of the claim, the time when, the place where and the manner in which said claim arose and the items of damages or injuries claimed to have been sustained so far as then practicable; and that this action is being commenced within one year after the happening of the event upon which this claim is based.

10. At the time of the alleged incident and at all times pertinent hereto, the defendants Police Officer Bradley and Police Officers John Does 1-3 acted under color of State Law or a statute, ordinance, regulation or custom.

## STATEMENT OF FACTS

11. On June 29, 2006, at approximately 2:30 a.m., the Plaintiff was on Eight Avenue, directly across the street from the Port Authority Building near the intersection of 42nd Street.

12. At the aforesaid date, time and place, plaintiff was falsely arrested by Defendant Police Officer Bradley for a drug sale. During the course of the arrest, defendant Police Officer John Doe 1 fractured the plaintiff's right hand with a walkie talkie. During the course of the arrest, defendants John Does 2-3 kicked, punched, and slapped the plaintiff. causing him to sustain personal injuries. .

13. After plaintiff was placed under arrest and taken to the Midtown South Precinct, he was denied medical care.

14. Upon information and belief, Plaintiff's felony criminal charges occurring on June 29, 2006 were subsequently dismissed.

## PLAINTIFF'S CLAIM.

15. Upon information and belief, Police Officer Bradley and Police Officers John Does 1-3, acted with actual malice toward the plaintiff and with willful and wanton indifference and deliberate disregard for the statutory and constitutional rights of the plaintiff

16. Upon information and belief, the actions taken as aforesaid by Police Officer Bradley and Police Officers John Does 1-3 constituted excessive use of force, an unreasonable search and seizure and deprivation of liberty without due process of law.

17. Upon information and belief, the conduct of defendants Police Officer Bradley and Police Officers John Does 1-3 violated the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS POLICE OFFICER BRADLEY AND POLICE OFFICERS "JOHN DOES 1-3", JOINTLY AND SEVERALLY, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-17" AND FURTHER ALLEGES AS FOLLOWS:**

18. Upon information and belief, the actions taken as aforesaid by Police Officer Bradley and Police Officers John Does 1-3, constituted excessive force, an unreasonable search and seizure in violation of the Fourth Amendment and a deprivation of liberty without due process of law under the Fifth and Fourteenth Amendments.

19. Upon information and belief, Police Officer Bradley and Police Officers John Does 1-3 acted with actual malice toward the Plaintiff and with willful and wanton indifference and deliberate disregard for the statutory and constitutional rights of the plaintiff.

20. Solely by reason of the above, the plaintiff sustained severe personal injuries, was rendered sick, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are permanent in nature and duration, and plaintiff will be permanently caused to suffer pain, inconvenience and other effects of such injuries; plaintiff incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said

injuries; and plaintiff has been and continues to be unable to pursue the usual duties with the same degree of efficiency as prior to this accident, all to plaintiff's great damage.

21. That by virtue of the foregoing, Plaintiff has been damaged in the amount of TWO MILLION[$2,000,000.00] DOLLARS.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-21" AND FURTHER ALLEGES AS FOLLOWS:**

22. Upon information and belief, the actions taken as aforesaid by Police Officer Bradley and Police Officers John Does 1-3, constituted excessive force, an unreasonable search and seizure and deprivation of liberty without due process of law.

23. Upon information and belief, at all times pertinent hereto, New York City permitted and tolerated a pattern and practice of excessive force, unreasonable search and seizures, denial of prompt medical treatment, and deprivations of liberty without due process of law by Police Officers of the City of New York.

24. Upon information and belief, the City of New York has maintained a system of review of police conduct which is so untimely and cursory as to be ineffective and which permits and tolerates the excessive force, unreasonable search and seizures and deprivations of liberty without due process of law by Police Officers.

25. At all times pertinent hereto, Police Officer Bradley and Police Officers "John Does 1-3" were acting within the scope of their employment and pursuant to the aforementioned policies and practices of the City of New York. These policies and practices which were enforced by Defendant City of New York were the moving force, proximate cause, or the affirmative link behind the conduct causing the plaintiff's injuries.

26. The City of New York is therefore liable for the violations of Plaintiff's constitutional rights by Police Officer Bradley and Police Officers John Does 1-3.

27. That by virtue of the foregoing, Plaintiff has been damaged in the amount of TWO MILLION [$2,000,000.00] DOLLARS.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-27" AND FURTHER ALLEGES AS FOLLOWS:**

28. That the plaintiff was held in custody as the result of his arrest.

29. That the Plaintiff's arrest was without authority of law, was done without probable cause and was illegal.

30. That as the result of the false arrest of the Plaintiff, the plaintiff sustained severe humiliation, embarrassment, mental distress, loss of earnings, loss of freedom, incurred needless expenses, incurred property damage and personal injuries.

31. That by virtue of the foregoing, Plaintiff has been damaged in the amount of TWO MILLION[$2,000,000.00] DOLLARS.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-31" AND FURTHER ALLEGES AS FOLLOWS:**

32. That the plaintiff was held in police custody as a result of his arrest.

33. That the Plaintiff's arrest was without authority of law, and was done without probable cause and was therefore illegal.

34. That as the result of the false imprisonment of the Plaintiff, the plaintiff sustained severe humiliation, embarrassment, mental distress, loss of earnings, loss of freedom, incurred needles expenses, incurred property damage and personal injuries.

35. That by virtue of the foregoing, Plaintiff has been damaged in the amount of TWO MILLION[$2,000,000.00] DOLLARS.

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-35" AND FURTHER ALLEGES AS FOLLOWS:**

36. That the employees of the defendant as aforesaid, jointly and severally assaulted and battered the plaintiff causing him to sustain severe personal injuries.

37. That by virtue of the foregoing, Plaintiff has been damaged in the amount of TWO MILLION[$2,000,000.00] DOLLARS.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK, PLAINTIFF RESTATES AND REALLEGES EACH AND EVERY ALLEGATION SET FORTH IN PARAGRPAHS MARKED AND ENUMERATED "1-37" AND FURTHER ALLEGES AS FOLLOWS:**

38. New York City owed a duty to Plaintiff to train and supervise and otherwise control its Police Officers in the proper methods of arrest incidental to this matter, and in the course of their Police functions. New York City failed to provide adequate training, supervision and control for the Police Officers involved herein, and said failure constitutes negligence.

39. As a proximate result of the City of New York's negligence to provide adequate training, supervision and control of the Police Officers involved herein, Plaintiff has sustained personal injuries.

40. That by virtue of the foregoing, Plaintiff has been damaged in the amount of TWO MILLION[$2,000,000.00] DOLLARS.

**WHEREFORE,** Plaintiff demands Judgment as follows:

I. Judgment on the First Cause of Action against defendants Police Officer Bradley and Police Officers John Does 1-3 in the amount of TWO MILLION ($2,000,000.00) DOLLARS;

II. Judgment on the First Cause of Action against the City of New York in the amount of TWO MILLION ($2,000,000.00) DOLLARS;

III. Judgment on the Second Cause of Action against the City of New York in the amount of TWO MILLION ($2,000,000.00) DOLLARS;

IV. Judgment on the Third Cause of Action against the City of New York in the amount of TWO MILLION ($2,000,000.00) DOLLARS;

V. Judgment on the Fourth Cause of Action against the City of New York in the amount of TWO MILLION ($2,000,000.00) DOLLARS;

VI. Judgment on the Fifth Cause of Action against the City of New York in the amount of TWO MILLION ($2,000,000.00) DOLLARS;

VII. Judgment for Punitive Damages against defendants Police Officer Bradley and Police Officers John Does 1-3 in the amount of TWO MILLION [$2,000,000.00] DOLLARS;

VIII. Together with the costs and disbursements of this action, for reasonable attorney's fees under the applicable Federal Statutes, and for such other and further relief as to this Court seems just and proper.

DATED:   June 25, 2007
         New York, New York

ANDREW F. PLASSE, P.C.
BY: ANDREW F. PLASSE
Bar Roll No.: AP-3679
Attorney for the Plaintiff
Office and P.O. Address
352 7th Avenue, Suite 402
New York, NY 10001
[212] 695-5811

**DEMAND FOR JURY TRIAL IS HEREBY MADE PURSUANT TO RULE 38 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

ANDREW F. PLASSE, P.C.
BY: ANDREW F. PLASSE
Bar Roll No.: AP-3679
Attorney for the Plaintiff
Office and P.O. Address
352 7th Avenue, Suite 402
New York, NY 10001
[212] 695-5811

Index No.:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------

PHILLIP LEVERETTE,

                                        Plaintiff,

  - against –

THE CITY OF NEW YORK, POLICE OFFICER BRADLEY [Shield No. 2379], and POLICE OFFICERS JOHN DOES 1-3 in their individual and official capacities as Police Offices employed by the City of New York,

                                        Defendants.

-------------------------------------------------------------------------

## COMPLAINT

**ANDREW F. PLASSE, P.C.**
Attorney for the Plaintiff
Office and P.O. Address
352 Seventh Ave., Suite 402
New York, NY 10001
[212] 695-5811
FAX: [212] 402-7737