

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**CRAIG HANLON**
*Assistant Corporation Counsel*
Tel.: (212) 788-1580
Fax: (212) 788-9776

**MEMO ENDORSED**

July 30, 2007

**VIA HAND DELIVERY**
Honorable Denny Chin
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 11201



Re: <u>Leverette v. City of New York, et al.</u>, 07 CV 6106 (DC)

Your Honor:

    I am the Assistant Corporation Counsel assigned to the defense of this matter on behalf of the City of New York. In his complaint, plaintiff Phillip Leverette alleges, *inter alia*, that New York City Police Officers unlawfully arrested and assaulted him. Defendant requests that its time to answer, move or otherwise respond to the complaint be extended from the current due date of July 25, 2007 to September 24, 2007.[1] We contacted plaintiff's counsel and he consents to this request.

    There are several reasons for seeking an enlargement of time. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint. It is our understanding that the records of the underlying criminal action, including police records, may have been sealed pursuant to New York Criminal Procedure Law section 160.50. Therefore, this office is in the process of forwarding to plaintiff for execution a consent and authorization for the release of sealed records so that defendant can access the information, properly assess the case, and respond to the complaint. Furthermore, because plaintiff has alleged injuries as a result of the events complained of, this office is in the process of forwarding to plaintiff for execution a consent and authorization for the release of medical records, limited, at this juncture, to medical records concerning treatment received as a result of the alleged incident, so that defendant can properly assess the case and respond to the complaint.

---

[1] I apologize to the Court for the untimeliness of this application. A review of the docket sheet reveals that an Affidavit of Service was filed on July 11, 2007 showing that The City of New York and Police Officer Bradley were served on July 5, 2007. Accordingly, this application should have been made on or before July 25, 2007.

*Approved. So Ordered.*

8/7/07

/s/ _____ USDJ

      Moreover, an enlargement of time is necessary to resolve representational issues. In addition to the City of New York, plaintiff names Police Officer Bradley.[2] Pursuant to Section 50-K of the New York General Municipal Law, the Corporation Counsel's office must determine based on a review of the facts of the case whether we may represent Officer Bradley. Officer Bradley must then decide whether he wishes to be represented by the Corporation Counsel and if so, the Corporation Counsel's office must obtain his written authorization. See *Mercurio v. The City of New York, et al.*, 758 F.2d 862, 864-65 (2d Cir. 1985)(quoting *Williams v. City of New York, et al.*, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985)(decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law). Therefore, an extension of time will likely facilitate the submission of a joint response on behalf of all defendants.

      No previous request for an extension has been made by defendant. Thank you for your consideration of this request.

                                                    Respectfully submitted,

                                                    Craig Hanlon (CH 5679)
                                                    Assistant Corporation Counsel
                                                    Special Federal Litigation Division

cc:     Andrew Plasse, Esq.
         Attorney for Plaintiff
         352 7th Avenue, Suite 402
         New York, NY 10001

---

[2] A review of the docket sheet indicates that the individual identified in the caption of the complaint as P.O. Bradley, Shield No. 2379, has been served with a copy of the summons and complaint. However, as of this date, no request for representation has been received with respect to him. Without appearing on his behalf, it is respectfully requested that the same extension be granted to him in order to ensure that his defenses are not jeopardized while representation issues are being decided.