UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x

PHILLIP LEVERETTE,

                                         Plaintiff,

                  -against-

THE CITY OF NEW YORK POLICE OFFICER BRADLEY
[SHIELD NO. 2379] and POLICE OFFICERS JOHN DOES 1 –
3 in their individual and official capacities as Police Officers
employed by the City of New York,

                                      Defendants.

**DEFENDANTS' ANSWER TO**
**THE COMPLAINT**

07 CV 6106 (DC)

JURY TRIAL DEMANDED

    Defendants City of New York and Detective Dennis Bradley, by their attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows.

    1. Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as set forth therein.

    2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action as set forth therein.

    3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint with respect to plaintiff's residence, admit that defendants are citizens of the State of New York and deny that the amount in controversy exceeds Fifty Thousand [$50,000] Dollars, exclusive of interest and costs.

    4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of this court as set forth therein.

    5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiff purports to lay venue as set forth therein.

6.   Deny the allegations as set forth in paragraph "6" of the complaint, except admit that Detective Dennis Bradley was employed by the City of New York as a Police Detective.

7.   Deny the allegations set forth in paragraph "7" of the Complaint, except admit that the City of New York is a municipal corporation organized and existing under the laws of the State of New York..

8.   Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York maintains a police department and respectfully refers the Court to the New York City Charter and Administrative Code for the relationship between defendant City and the New York City Police Department.

9.   Deny the allegations set forth in paragraph "5" of the Complaint, except admit that a document purporting to be a Notice of Claim was received by the office of the Comptroller on or about September 5, 2006.

10. State that paragraph "10" contains conclusions of law to which no response is required.  To the extent a response is required, deny all such allegations.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13.   Deny the allegations set forth in paragraph "13" of the complaint, except admit that plaintiff was taken to the Midtown South Precinct.

14.   Deny the allegations set forth in paragraph "14" of the complaint, except admit that the criminal charges against plaintiff were subsequently dismissed.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint,.

19.  Deny the allegations as set forth in paragraph "19" of the complaint.

20.  Deny the allegations as set forth in paragraph "20" of the complaint.

21.  Deny the allegations as set forth in paragraph "21" of the complaint.

22.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations as set forth in paragraph "22" of the complaint.

23.  Deny the allegations as set forth in paragraph "23" of the complaint.

24.  Deny the allegations as set forth in paragraph "24" of the complaint.

25.  Deny the allegations as set forth in paragraph "25" of the complaint.

26.  Deny the allegations as set forth in paragraph "26" of the complaint.

27.  Deny the allegations as set forth in paragraph "27" of the complaint.

28.  Deny the allegations as set forth in paragraph "28" of the complaint, except admit that plaintiff was held in custody after his arrest.

29.  Deny the allegations as set forth in paragraph "29" of the complaint.

30.  Deny the allegations as set forth in paragraph "30" of the complaint.

31.  Deny the allegations as set forth in paragraph "31" of the complaint.

32.  Deny the allegations as set forth in paragraph "32" of the complaint, except admit that plaintiff was held in custody after his arrest.

33.  Deny the allegations as set forth in paragraph "33" of the complaint.

34.  Deny the allegations as set forth in paragraph "34" of the complaint.

35.  Deny the allegations as set forth in paragraph "35" of the complaint.

36.  Deny the allegations as set forth in paragraph "36" of the complaint.

37.  Deny the allegations as set forth in paragraph "37" of the complaint.

38.  Deny the allegations as set forth in paragraph "38" of the complaint.

39.  Deny the allegations as set forth in paragraph "39" of the complaint.

40.  Deny the allegations as set forth in paragraph "40" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

56.  The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

57.  At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion.  Therefore, it is entitled to governmental immunity from liability.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

58.  There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

59. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

60. Punitive damages cannot be assessed against the City of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

61. The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

61. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

62. Plaintiffs' claims may be barred in whole, or in part, by the applicable limitations period.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

63. Plaintiff provoked the incident.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

64. At all times relevant to the acts alleged in the complaint, the individual defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

66. This action may be barred, in whole or in part, for plaintiff's failure to comply with the conditions precedent to suit.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

67. To the extent the complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

Dated: New York, New York
       September 24, 2007

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel, City of New York
                                    Attorney for Defendants
                                    100 Church Street, Room 3-198
                                    New York, New York 10007
                                    (212) 788-1580

                              By:   _____
                                    Craig Hanlon (CH 5679)
                                    Assistant Corporation Counsel
                                    Special Federal Litigation Division

To:    Andrew F. Plasse, P.C.
       Andrew F. Plasse, Esq.
       *Attorney for Plaintiff*
       352 7th Avenue, Suite 402
       New York, NY 10001

Index No.        07 CV 6106 (DC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PHILLIP LEVERETTE,

Plaintiff,

-against-

THE CITY OF NEW YORK POLICE OFFICER
BRADLEY [SHIELD NO. 2379] and POLICE
OFFICERS JOHN DOES 1 – 3 in their individual
and official capacities as Police Officers employed
by the City of New York,

Defendants.

**DEFENDANTS' ANSWER TO THE COMPLAINT**

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendant*

*100 Church Street*
*New York, N.Y.  10007*
*Of Counsel: Craig Hanlon*

*Tel:  (212) 788-1580*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y.  .................................................. ,2007*

*.......................................................................... Esq.*

*Attorney for City of New York*

6